JIM MARSH AMERICAN CORPORATION, a Nevada Corporation, Appellant, v. CENTURY CONSTRUCTION CO. (NEVADA) LTD., a Nevada Corporation, TARRY TOWNE HOMEOWNERS ASSOCIATION, Respondents.

No. 20628

November 28, 1990                                  802 P.2d 1

*Greenman, Goldberg, Raby & Martinez,* Las Vegas, for Appellant.

*Gordon & Silver* and *Joseph S. Kistler,* Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This action was initially brought as a petition for a declaration of easement. Respondents opposed the petition on the grounds that appellant had abandoned his easement. Rather than ruling on the issue of abandonment, the court below determined that the easement had never been created in the first place. We agree.

Appellant Jim Marsh American Co. (Marsh) owned three parcels of property in Las Vegas (parcels "1", "2", and "3"). In May 1974, Marsh conveyed parcel 1 to respondents' predecessor in interest, while retaining parcels 2 and 3. The conveyance did not reserve any easement rights. Marsh subsequently prepared and recorded a parcel map indicating the presence of an easement. The owner of parcel 1 never subscribed to this map. Respondent Century Construction Co. (Century) purchased parcel 1 without knowledge of the existence of the alleged easement.

Marsh claims that Century's predecessor in interest orally agreed to the creation of an easement running the length of the boundary between parcels 1 and 2. The creation of an easement is subject to the statute of frauds. NRS 111.205(1).[1] The existence of an easement may not be established through parol evidence. Elliott v. McCombs, 17 Cal.2d 23, 30, 109 P.2d 329, 333 (Cal. 1941). We agree with the trial court that, in the absence of any writing subscribed to by the servient estate owner, the alleged easement was never created.

The recordation of a parcel map does not satisfy the statute of frauds where the map is not subscribed by both parties. Huggins v. Castle Estates, Inc., 369 N.Y.S.2d 80, 83 (1975). The map filed by Marsh was signed by the dominant estate owner alone. Consequently, Marsh's recordation of the parcel map fails to satisfy the requirements of NRS 111.205(1).

Appellant argues that the caveat "unless by act or operation of law," as used in NRS 111.205(1), brings his recordation of the

---

[1]NRS 111.205(1) states:

> No estate or interest in lands, other than for leases for a term not exceeding 1 year, nor any trust or power over or concerning lands, or in any manner relating thereto, shall be created, granted, assigned, surrendered or declared after December 2, 1861, unless by act or operation of law, or by deed or conveyance, in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized in writing.

plat map within the statute of frauds. We are unpersuaded by this argument. We believe the trial judge correctly determined that this language is intended to create an exception for property dedicated for public use. Here, it is uncontroverted that the alleged easement was intended for wholly private purposes.

In light of this determination, we find it unnecessary to reach the abandonment issue, and do hereby affirm the judgment of the trial court.